IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN L. GERHOLT, Sr., | : |
|     Petitioner | : |
|     v. | : Case No. 3:17-cv-40-KRG-KAP |
| CYNTHIA LINK, SUPERINTENDENT, | : |
|     Respondent | : |

<u>Report and Recommendation</u>

<u>Recommendation</u>

    The petitioner's Motion to Vacate pursuant to Rule 60 should be denied.

<u>Report</u>

    John Gerholt is an inmate currently at S.C.I. Phoenix serving a life sentence imposed by the Bedford County Court of Common Pleas for the murder of his estranged wife on November 9, 2008. Following state court proceedings, Gerholt filed a petition for a writ of habeas corpus under 28 U.S.C.§ 2254 at <u>Gerholt v. Link</u>, Case no. 3:17-cv-40-KRG-KAP (W.D.Pa.). That petition was denied in March 2020, and a certificate of appealability was denied *sub nom.* <u>Gerholt v. Superintendent Phoenix SCI</u>, No. 20-1822 (3d Cir. September 25, 2020).

    The pending Motion, citing Fed.R.Civ.P. 60(b), seeks "TO REOPEN HIS CRIMINAL CASE TO FULLY REVIEW THE FUNDAMENTAL INJUSTICE THAT TRIGGERS THE LEGALITY, VALIDTY, AND CONSTITUTIONALITY INCLUDING BUT NOT LIMITED TO THE DEFENCT COLLOQUY W/SUBSEQUENT IMPOSED LIFE SENTENCE." (Misspellings, grammatical and semantic errors reproduced as in original.)

    Gerholt cannot use a Rule 60 motion to reopen the habeas proceedings at <u>Gerholt v. Link</u>, Case no. 3:17-cv-40-KRG-KAP (W.D.Pa.). Gerholt does not claim there was some defect in the original process that led to the Report and Recommendation or the Order denying his first petition: he simply ignores the prior proceedings and launches into claims that the state court made various errors in his prosecution. A Rule 60 motion is neither a second opportunity to present claims raised in the original proceeding nor a device for raising claims that were not made in the original proceeding and the appeal therefrom. The Court of Appeals has noted that since legal error can usually be corrected on appeal, a claim of legal error without more does not justify the granting of relief under Rule 60(b)(6). *See* <u>James v. Virgin Islands Water & Power Authority</u>, 119 Fed.Appx. 397, 401 (3d Cir.2005)(citations omitted). As applied to habeas corpus proceedings, the Supreme Court held in <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 532-33 (2005), that a Rule 60(b)

1

motion can be entertained when it challenges some alleged defect in the integrity of the original federal habeas proceedings, but that a Rule 60(b) motion is a second or successive habeas petition if it attacks the federal court's previous resolution of a claim on the merits.

Since Gerholt seeks the overturning of his conviction despite the failure of his previous habeas corpus petition, this is a second habeas petition. To the extend he can do that at all, he must first obtain leave from the Court of Appeals. The Rule 60 motion must be denied without prejudice to filing the appropriate motion there, due to 28 U.S.C.§ 2244, which in relevant part states:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

To the extent a certificate of appealability is relevant to any appeal, none should issue. A certificate of appealability should issue when the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing is not synonymous with success: a petitioner need only show that jurists of reason would debate the correctness of the district court's denial of a habeas petition. *See* Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Hickox v. Superintendent Benner Twp. SCI, 2020 WL 6437411, at *1 (3d Cir. Oct. 29, 2020). At the same time, it is more than good faith or the absence of frivolity on the part of the petitioner. Miller-El v. Cockrell, 537 U.S. at 338. Because Rule 60 cannot be used as petitioner seeks to use it, no certificate of appealability should issue.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties can within fourteen days file written objections. In the absence of timely and specific objections, any appeal would be severely hampered or entirely defaulted. See EEOC v. City of Long Branch, 866 F.3d 93, 100 (3d Cir. 2017) (describing standard of appellate review when no timely and specific objections are filed as limited to review for plain error).

      The Clerk shall also add the current District Attorney for Bedford County to the docket in this case as counsel for the respondent, for notice purposes only without any duty to respond.

DATE: June 20, 2023

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

John L. Gerholt, Sr.  KR-8142
S.C.I. Phoenix
1200 Mokychic Drive
Collegeville, PA 19426