## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN L. GERHOLT, SR., | ) | |
| | ) | CIVIL ACTION NO. 3:17-cv-40 |
| Petitioner, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| CYNTHIA LINK, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

### MEMORANDUM ORDER

This matter is before Magistrate Judge Keith A. Pesto (the "Magistrate Judge") in accordance with the Magistrates Act, 28 U.S.C. Section 636, and Local Civil Rule 72.

Petitioner John L. Gerholt, Sr.'s ("Petitioner") Petition for Writ of Habeas Corpus was placed on the docket on May 15, 2017. (ECF No. 5). The Magistrate Judge issued a Report and Recommendation on December 18, 2019, finding that two of Petitioner's three habeas claims were defaulted, and that his Petition as a whole was untimely. (ECF No. 11). After Petitioner filed Objections, the Magistrate Judge issued a supplemental Report and Recommendation, again recommending that the Court deny the Petition as untimely. (ECF No. 16). On March 25, 2020, the Court issued a Memorandum Order: (1) denying the Petition as untimely and (2) adopting as the opinion of the Court the Report and Recommendation at ECF No. 11 as supplemented by the Report and Recommendation at ECF No. 16. (ECF No. 19).

On April 15, 2020, Petitioner's "Notice of Appeal" was placed on the docket. (ECF No. 20). On September 25, 2020, the United States Court of Appeals for the Third Circuit issued an Order denying Petitioner's application for a certificate of appealability. (ECF No. 22).

On June 3, 2023, Petitioner signed a "Motion for [] Rule 60(B) Relief" that he submitted to the Court and that was placed on the docket on June 21, 2023. (ECF No. 23). In that Motion, Petitioner advances three arguments, some of which are interrelated: (1) the state court made various errors in his criminal prosecution, (2) this Court erred in rejecting certain of his arguments in his Habeas Petition on procedural grounds, and (3) any procedural missteps that he made are excused under the rule announced by the Supreme Court in *Martinez v. Ryan*, 566 U.S. 1 (2012).[1] (*See* ECF No. 23).[2]

On June 21, 2023, the Magistrate Judge issued a Report and Recommendation recommending that the Motion be denied without a certificate of appealability. (ECF No. 24 at 1–

---

[1] With respect to Petitioner's contentions regarding *Martinez*, Petitioner advanced the same argument in the Brief that he submitted relative to his Habeas Petition. (ECF No. 6 at 6). Therefore, that issue was before the Court when it ruled on the Petition itself, meaning that it is subsumed within Petitioner's argument that the Court committed legal error in denying his Petition.

[2] The Court notes that Petitioner also references "newly discovered evidence[,]" such as evidence of alleged "prosecutorial misconduct" relative to his criminal prosecution. (ECF No. 23 at 16). Although the nature of Petitioner's claim on this score is unclear to the Court, and setting aside other potential deficiencies in this claim, the Court notes that the vast majority of the evidence that Petitioner now provides is from 2020 or earlier. (*See* ECF No. 23). Further, having reviewed Petitioner's Motion and the attached exhibits, the Court has every reason to believe that this evidence was very much accessible to Petitioner no later than 2020. (*See id.*). Therefore, the Court finds that Petitioner's Motion, which he filed approximately three years after the evidence upon which he relies was capable of discovery by him (or in fact was discovered by him), is untimely. *Wakeel v. Fugerson*, No. 18-CV-3050, 2023 WL 2614599, at *1 (E.D. Pa. Mar. 23, 2023) (noting that a motion pursuant to Rule 60(b)(2) must be filed within one year of the judgment or order challenged and also stating that the "Third Circuit … has held that two years is [an] unreasonable [time within which to bring a Rule 60(b)(6) motion]. *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, [1348] (3d Cir. 1987). If two years is not reasonable, three years is not."); *Glover v. Capozza*, No. 3:14-CV-01800, 2022 WL 1570473, at *2 (M.D. Pa. May 18, 2022) (stating that the "primary reason" why petitioner's Rule 60(b)(6) motion seeking to utilize the "actual innocence" gateway failed was that he filed his motion almost two years after discovering the "new evidence" he sought to introduce in support of his claim).

Finally, the Court notes that two news articles that Petitioner submitted do not have dates. (ECF No. 23-3 at 9–10). These news articles are the only items that Petitioner submitted that are not clearly from 2020 or earlier. (*See* ECF No. 23). However, neither article appears to have any meaningful relevance to Petitioner himself or the claims he advances in his Motion. (ECF No. 23-3 at 9–10).

2). Specifically, the Magistrate Judge found that, to the extent Petitioner seeks to overturn "his conviction despite the failure of his previous habeas petition, this is a second habeas petition[,]" for which Petitioner would need to obtain leave from the Court of Appeals. (*Id.* at 2) (citing 28 U.S.C. § 2244(b)(1)). Further, according to the Magistrate Judge, the Third Circuit has "noted that since legal error can usually be corrected on appeal, a claim of legal error without more does not justify the granting of relief under Rule 60(b)(6)." (*Id.* at 1). Finally, the Magistrate Judge stated that the parties were permitted to file written objections to the Report and Recommendation within fourteen days. (*Id.* at 2).

Petitioner has not filed Objections to the Report and Recommendation at ECF No. 24, and the timeframe for doing so has passed.

Therefore, upon review of the Record and the Report and Recommendation under the applicable "reasoned consideration" standard, *see EEOC v. City of Long Branch*, 866 F.3d 93, 99–100 (3d Cir. 2017) (stating the standard of review when no timely objections are filed), and pursuant to Local Civil Rule 72.D.2, the Court accepts in whole the Magistrate Judge's findings in this matter and adopts the Report and Recommendation as the opinion of the Court.

Indeed, insofar as Petitioner seeks to challenge his state court conviction, his Motion is a second or successive habeas petition that this Court cannot entertain absent authorization from the Third Circuit. *Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004) ("[W]hen the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition."). Further, insofar as Petitioner argues that this Court erred in its legal conclusions in resolving his Habeas Petition, including by failing to appropriately apply *Martinez* in this case, his assertions do not constitute grounds for granting a

motion under Rule 60(b). *Id.* at 728 ("[L]egal error does not by itself warrant the application of Rule 60(b) …. Since legal error can usually be corrected on appeal, that factor without more does not justify the granting of relief under Rule 60(b)(6).") (internal quotation marks and citation omitted). Finally, it appears to the Court that Petitioner's Motion is subject to denial on the ground that it is untimely. *See Allen v. Wydner*, No. 06-CV-4299, 2008 WL 2412970, at *4–5 (E.D. Pa. June 10, 2008); FED. R. CIV. P. 60(c)(1).

Accordingly, the following order is entered:

**AND NOW**, this 27th day of March, 2024, **IT IS HEREBY ORDERED** that Petitioner John L. Gerholt, Sr.'s Motion to Vacate Judgment at ECF No. 23 is **DENIED WITHOUT PREJUDICE** for the reasons stated in the Report and Recommendation at ECF No. 24 and those set forth above. The Report and Recommendation at ECF No. 24 is adopted as the opinion of the Court for its reasoning and conclusions.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** relative to the Motion at ECF No. 23 for the reasons stated in the Report and Recommendation at ECF No. 24 and those outlined above. The denial of a certificate of appealability does not prevent Petitioner from appealing the order denying his Motion so long as he seeks, and obtains, a certificate of appealability from the Court of Appeals. *See* FED. R. APP. P. 22(b)(1), (2).

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE

**Notice by U.S. Mail to:**

John L Gerholt, Sr.
KR-8142
S.C.I. Phoenix
1200 Mokychic Drive
Collegeville, PA 19426